EMILIA POCEVICIUS, APPELLANT, v. ARMOUR & COMPANY, APPELLEE.

178 N. W. 2d 265

Filed June 19, 1970. No. 37517.

John J. Higgins and J. Patrick Green of Eisenstatt, Higgins, Miller & Kinnamon, for appellant.

Edwin Cassem of Cassem, Tierney, Adams & Henatsch, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and COLWELL, District Judge.

NEWTON, J.

This is an action brought under the Workmen's Compensation Act. A piece of metal fell on plaintiff and inflicted a minor cut on her head. She subsequently suffered from an emotional condition that resulted in loss of sensitivity in her left side and restricted use of the muscles and members on her left side. The question presented is whether the head injury was or was not a proximate cause of her emotional condition. The single and three judge compensation courts, and the district court, denied recovery. We affirm the judgment of the district court.

On September 2, 1966, while in the course of her employment by defendant, plaintiff sustained the injury mentioned above. Plaintiff's statement that she lost consciousness for a considerable period of time is flatly contradicted by the doctor and nurse who attended her. The wound bled very little and required four stitches. As a precaution, she was hospitalized for 4 days at which time it was ascertained that she was suffering from a severe anemic condition of long standing. She complained of headaches and dizziness. She

was then referred to her own doctor, Dr. Koszewski, and was again hospitalized on September 13, 1966. Dr. Koszewski attributed her anemia to a loss of blood and treated her for anemia, inflammation of the colon, headaches, and dizziness. The latter ailments he ascribed to a cerebral concussion he felt she sustained from the blow on her head. She was discharged on October 2, 1966, but returned to the hospital on November 16, 1966, and underwent a panhysterectomy or excision of her uterus, uterine cervix, fallopian tubes, ovaries, and also an appendectomy.

Plaintiff returned to work for 5 weeks, from March 20 to April 24, 1967, developed a duodenal ulcer, and was again hospitalized from April 30 to May 13, 1967. She returned to work July 13 or 20, 1967, and worked until October 27, 1967, with the exception of a 3-week vacation. On the latter date defendant closed its plant and her employment was terminated. She was again hospitalized in November 1967, at which time she had a cyst removed from her left shoulder and an abscessed tooth removed.

During the period of her treatment by Dr. Koszewski, she continued to complain of headaches, vertigo or dizziness, and blurred vision. Dr. Ladwig was called in and ascribed these ailments and her emotional condition to a cerebral contusion sustained in the September 2, 1966, accident. All of the medical experts agree that her hysteria and the partial loss of use of her left side is not the result of any physical condition but results from her emotional condition. Plaintiff's doctors ascribe this emotional condition to the supposed cerebral concussion or contusion sustained on September 2, 1966, notwithstanding she had no skull fracture or bleeding from the ears or nose. They were not aware of her past medical history.

Hospital records established that on April 20, 1960, she was hospitalized for tonsillitis and had a tonsillectomy. On August 29, 1960, she was again admitted to a hos-

pital for gastroenteritis and heart trouble and she then complained of headaches of several weeks standing, left shoulder pain, blurred and double vision, and vertigo. She was placed on a high iron diet. In 1964 she was hospitalized for bronchitis and was again placed on a high iron diet. A tranquilizer type of drug was prescribed for her. Plaintiff's medical experts concede that dizziness may result from anemia and that it is not unusual for women to have severe emotional reactions after a hysterectomy.

Dr. Muehlig, a neurological surgeon, examined plaintiff at defendant's request. He also had available all of her past hospital records. He agrees that plaintiff is totally disabled and that her present physical handicaps are the result of her emotional or hysterical condition. He disagrees as to the cause of this emotional disturbance, and denies that she had sustained a cerebral contusion, or that her injury was of a type that could cause a prolonged hysteria or severe neurosis. He attributes her mental or nervous condition to multiple life problems and states that emotional upsets are common following a panhysterectomy. He found inconsistencies in her reactions during the examination. She pretended deafness but understood when spoken to. Her left side was supposed to be numb but when gentle pressure was applied, she complained of pain. He concludes that her accident might cause a temporary hysteria, but that she would have had it anyway and the accident could only have been a temporary aggravating factor.

In recent years the plaintiff has sustained numerous physical difficulties. She had pneumonia on several occasions, a tonsillectomy, anemia, heart trouble, chronic gastroenteritis, bronchitis, diverticulosis, chronic inflammation of the fallopian tubes, a tumor on the uterus, inflammation of the bladder and kidneys, pleurisy, a panhysterectomy, edema, thrombophlebitis, a cyst removed from the left shoulder, and a duodenal ulcer. She appears also to have been susceptible to vertigo, con-

tinuous headaches, and blurred or double vision as early as 1960, and was having tranquilizers prescribed for her use as early as 1964. Her general condition and experience was such as might well render a susceptible person subject to hypochondriasis and the fact that her present physical condition is attributable solely to her mental condition or hysteria indicates that she may well be so classified. It appears that the trial courts found such to be the case and that her condition is not attributable to her accident.

In a workmen's compensation proceeding, the burden of proof is upon claimant to establish by evidence the facts essential to recovery. See, Hardin v. Moorman Manuf. Co., 179 Neb. 869, 140 N. W. 2d 820; Hula v. Soennichsen, 178 Neb. 484, 134 N. W. 2d 47. On appeal to the Supreme Court, a workmen's compensation proceeding will be considered de novo upon the record, but where the evidence is conflicting and cannot be reconciled, the fact that the trial court observed the demeanor of witnesses and gave credence to the testimony of some rather than others will be considered. See Chiles v. Cudahy Packing Co., 158 Neb. 713, 64 N. W. 2d 459.

Plaintiff's condition is not in dispute, but there is an unreconcilable disagreement among the medical experts called as to the cause of that condition. Plaintiff's doctors attribute her condition to her accident but they were unaware of her past medical history. The doctor called by defendant testified that her condition could not have been the result of the accident but rather of multiple life problems and would have resulted regardless of the accident. The fact that plaintiff had had similar difficulties in earlier years, the slightness of her physical injury due to the accident, and her having returned to work for several months until the plant where she was employed closed, all tend to sustain the evidence adduced by defendant and the finding of the trial courts. On this record we are unable to conclude that the trial

courts erroneously gave credence to the expert testimony produced by defendant in preference to that of plaintiff. To recover in a workmen's compensation case, a claimant must offer proof which preponderates in her favor on each of the indispensable elements of her claim. Where the testimony gives rise to conflicting inferences of equal degree of probability so that the choice between them is a mere matter of conjecture, a workmen's compensation award cannot be obtained. See Welke v. City of Ainsworth, 179 Neb. 496, 138 N. W. 2d 808. In view of the conflicting testimony of the medical experts, it is difficult for one not trained in the science of medicine to intelligently resolve the matter before us. We would be compelled to indulge in a certain degree of conjecture were we to reverse the findings of the compensation court. In view of the other factors above mentioned, we are inclined to agree that plaintiff has not proved her claim by a preponderance of the evidence and we affirm the judgment of the district court.

AFFIRMED.

SMITH, J., concurs in the result.